FILED
COURT OF APPEALS
DIVISION II

2015 MAR 10 AM 8: 36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45732-6-II |
| Respondent, | |
| v. | |
| JAMIE C. SATTERTHWAITE, | PUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Jamie Satterthwaite appeals her conviction for possession of a stolen motor vehicle,[1] arguing the charging document was constitutionally deficient for failure to include RCW 9A.56.140(1)'s term that the defendant must "withhold or appropriate [possessed stolen property] to the use of any person other than the true owner or person entitled thereto." We hold as a matter of first impression that "withhold or appropriate" is an essential element of RCW 9A.56.068's possession of a stolen motor vehicle. Because the necessary facts of RCW 9A.56.068's "withhold or appropriate" element do not appear in any form, nor by fair construction can they be found, in the charging document, we reverse Satterthwaite's conviction and remand for further proceedings.

---

[1] RCW 9A.56.068.

No. 45732-6-II

FACTS

The State charged Jamie Satterthwaite with possession of a stolen motor vehicle and bail

jumping.[2] The third amended information stated the following about the possession of a stolen

motor vehicle count:

> In the County of Mason, State of Washington, on or about the 8th day of April, 2013, the above-named defendant, JAMIE C. SATTERTHWAITE, did commit POSSESSION OF A STOLEN MOTOR VEHICLE, a Class B Felony, in that said defendant did knowingly possess a stolen vehicle, to wit: 1988 Chevrolet S-10, WA License Number 624-XMK, belonging to Fred Anderson, contrary to RCW 9A.56.068 and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 53. Satterthwaite did not object to this charging document below.

A jury found Satterthwaite guilty of possession of a stolen motor vehicle and bail

jumping. Satterthwaite appeals.

ANALYSIS

Satterthwaite argues for the first time on appeal that the charging document was

constitutionally deficient because it omitted an essential element of the offense of possession of a

stolen motor vehicle: RCW 9A.56.140(1)'s term requiring that the defendant "withhold or

appropriate [possessed stolen property] to the use of any person other than the true owner or

person entitled thereto." The State argues it need not include RCW 9A.56.140(1)'s "withhold or

appropriate" term because the term is a *definition* of an essential element, rather than an essential

element itself. We agree with Satterthwaite.

---

[2] RCW 9A.76.170. The bail jumping count is not germane to this appeal.

2

No. 45732-6-II

I. STANDARD OF REVIEW FOR CHARGING DOCUMENTS CHALLENGED THE FIRST TIME ON APPEAL

We review a charging document's adequacy de novo. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014). "[A] charging document is constitutionally adequate only if all essential elements of a crime, statutory and nonstatutory, are included in the document so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense." *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). "Words in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied." *State v. Kjorsvik*, 117 Wn.2d, 93, 109, 812 P.2d 86 (1991).

Where a defendant challenges the charging document's sufficiency for the first time on appeal, we construe the document liberally and will find it sufficient if the necessary elements appear in any form, or by fair construction may be found, on the document's face. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). But if the document cannot be construed to give notice of or to contain in some manner the essential elements of an offense, the document is insufficient, and even the most liberal reading cannot cure it. 140 Wn.2d at 425.

After Satterthwaite's opening brief, but before the State's response brief, our Supreme Court decided *Johnson*. 180 Wn.2d at 295. In *Johnson*, the charging document charged Johnson with "**Unlawful Imprisonment—Domestic Violence**" and alleged Johnson "did knowingly restrain [J.J.], a human being." 180 Wn.2d at 301 (alteration in original). In holding the charging document was not deficient, the Court rejected Johnson's argument that the charging document must include the statutory definition of "restrain." 180 Wn.2d at 301-02. It held the State did not need to include definitions of elements, and it was enough that the State alleged all of the essential elements found in the unlawful imprisonment statute. 180 Wn.2d at 302. The

3

Court explained: "'An essential element is one whose specification is necessary to establish the very illegality of the behavior charged.'" 180 Wn.2d at 300 (quoting *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013)). Conversely, a definition of an element "defines and limits the scope of" an element. 180 Wn.2d at 302.

## II. CHAPTER 9A.56 RCW'S POSSESSION OF STOLEN PROPERTY OFFENSES

Multiple possession of stolen property offenses fall under chapter 9A.56 RCW. RCW 9A.56.068(1) states:

> A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle.

RCW 9A.56.140(1) states:

> "Possessing stolen property" means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and *to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.*

(Emphasis added.) RCW 9A.56.068(1) implicitly incorporates RCW 9A.56.140(1)'s terms because the terms apply to other possession of stolen property offenses in the same chapter and provide the mens rea element of the offense of possession of a stolen motor vehicle. *See* 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 77.21 at 178 (3d ed. 2008); *State v. Hayes*, 164 Wn. App. 459, 479-80, 262 P.3d 538 (2011).

## III. "WITHHOLD OR APPROPRIATE" AS AN ESSENTIAL ELEMENT

We hold that under *Johnson's* framework, "withhold or appropriate" is an essential element of chapter 9A.56 RCW's possession of stolen property offenses. The test for whether a term is an essential element of an offense is whether the term's specification is necessary to

4

establish the very illegality of the behavior charged, rather than a term that defines and limits the elements' scope. *Johnson*, 180 Wn.2d at 300, 302.

It is the withholding or appropriation of a stolen item of property to the use of someone other than the owner that ultimately makes the possession illegal, thus differentiating between a person attempting to return known stolen property and a person choosing to keep, use, or dispose of known stolen property. Thus, RCW 9A.56.140(1)'s "withhold or appropriate" is a term whose specification is necessary to establish the very illegality of the behavior charged in chapter 9A.56 RCW's possession of stolen property offenses, rather than a term that defines and limits the elements' scope. Therefore, even though RCW 9A.56.140(1)'s "withhold or appropriate" purports to define the meaning of "[p]ossessing stolen property," RCW 9A.56.140(1)'s "withhold or appropriate" is an essential element of chapter 9A.56 RCW's possession of stolen property offenses, including RCW 9A.56.068's possession of a stolen motor vehicle. *See Johnson*, 180 Wn.2d at 300, 302.

This holding is consistent with decisions on closely related issues. In *State v. McKinsey*, our Supreme Court reviewed the statutory elements of possession of stolen property offenses under chapter 9A.56 RCW to determine whether first degree possession of stolen property was an offense of dishonesty admissible under ER 609(a)(2). 116 Wn.2d 911, 913, 810 P.2d 907 (1991). In doing so, the court emphasized the importance of RCW 9A.56.140(1)'s "withhold or appropriate" as an element of first degree possession of stolen property. 116 Wn.2d at 913. In *State v. Khlee*, while not addressing the issue, we cited to RCW 9A.56.140(1) and RCW 9A.56.310(4) to note that chapter 9A.56 RCW "includes appropriation as an element of the offense of knowingly possessing a stolen firearm." 106 Wn. App. 21, 25, 22 P.3d 1264 (2001).

5

## IV. THE CHARGING DOCUMENT IN SATTERTHWAITE'S CASE

Here, the charging document stated Satterthwaite committed "possession of a stolen motor vehicle" because she "did knowingly possess a stolen vehicle . . . belonging to Fred Anderson, contrary to RCW 9A.56.068." CP at 53. The charging document did not mention withholding or appropriating the stolen vehicle to the use of a person other than the owner, and did not cite RCW 9A.56.140. Thus, the necessary facts of "withhold or appropriate" do not appear in any form, nor by fair construction can they be found, in the charging document.

"Withhold or appropriate" is an essential element of possession of a stolen motor vehicle because it is the withholding or appropriation of a stolen motor vehicle to the use of someone other than the owner that ultimately makes the possession illegal, differentiating between the person attempting to return a known stolen motor vehicle and the person choosing to keep, use, or dispose of a known stolen motor vehicle. Because the necessary facts of the essential element of "withhold or appropriate" do not appear in any form, nor by fair construction can they be found, in the charging document, the charging document was insufficient. Accordingly, we reverse Satterthwaite's conviction for possession of a stolen motor vehicle and remand for further proceedings.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Sutton, J.

6