# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47290-2-II |
| Respondent, | |
| v. | |
| JOSHUA JAMES MULLENS, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J.—Joshua Mullens appeals his conviction for possession of a stolen motor vehicle. He argues that the information was deficient because it failed to include an essential element of the charged crime: withholding or appropriating the stolen vehicle to the use of someone other than the true owner. We agree. Accordingly, we reverse Mullens' conviction and dismiss the charge against him without prejudice.

## FACTS

In October 2014, the State charged Mullens with possession of a stolen vehicle. The information stated that Mullens "did unlawfully and feloniously knowingly possess a stolen motor vehicle, knowing that it had been stolen, contrary to RCW 9A.56.068 and RCW 9A.56.140." Mullens did not challenge the sufficiency of the charging document at trial. The jury found Mullens guilty of possession of a stolen vehicle. Mullens appeals.

ANALYSIS

A.    ESSENTIAL ELEMENTS RULE

A charging document is constitutionally sufficient only if it includes all the "essential elements" of a crime. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014). The purpose of the essential elements rule is to give notice to the accused of the charges and to allow him or her to prepare a defense. *Id.* The test for identifying an essential element of an offense is whether the element's specification is necessary to establish the illegality of the behavior charged. *Id.* Essential elements include only those facts that must be proved beyond a reasonable doubt to convict a defendant of the charged crime. *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013).

If the State fails to allege every essential element, then the information is insufficient and the charge must be dismissed without prejudice. *Johnson*, 180 Wn.2d at 300-01.

B.    ESSENTIAL ELEMENTS OF POSSESSION OF A STOLEN VEHICLE

RCW 9A.56.068(1) states that a person is guilty of possession of a stolen vehicle if he or she possesses a stolen motor vehicle. RCW 9A.56.140(1) states that "possessing stolen property" means "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto."

In *State v. Satterthwaite*, this court held that withholding or appropriating the stolen vehicle to the use of someone other than the true owner is an essential element of possession of a stolen vehicle. 186 Wn. App. 359, 364-65, 344 P.3d 738 (2015). Here,

the information charging Mullens did not allege that he withheld or appropriated the stolen vehicle. Therefore, under *Satterthwaite* the information is deficient.

The State claims that *Satterthwaite* was wrongly decided. Br. of Resp. at 2. The State argues that the "withhold or appropriate" language is part of the definition of "possess," and that under *Johnson*, 180 Wn.2d at 302, the information need not include definitions of essential elements. Br. of Resp. at 3. However, the court in *Satterthwaite* expressly discussed *Johnson* and held that the "withhold or appropriate" language is not merely a definition of possess, but ultimately determines whether possession is illegal under certain circumstances. *Satterthwaite*, 186 Wn. App. at 364. The court concluded that even though the "withhold or appropriate" language is contained in RCW 9.A56.140(1), which purports to define the meaning of possessing stolen property, that language states an essential element of possession of a stolen motor vehicle. *Id.*

The State also notes that it has petitioned the Supreme Court for review in *State v. Porter*, noted at 188 Wn. App. 1051, 2015 WL 4252605, an unpublished case in which this court followed *Satterthwaite* and held that the "withhold or appropriate" language states an essential element of possession of a stolen motor vehicle. Br. of Resp. at 3-4. The State requests that we stay this case until the Supreme Court decides whether to accept review of *Porter* and issues a decision in that case. Br. of Resp. at 4. However, we see no reason to delay our decision in this case.

We apply *Satterthwaite* and hold that withholding or appropriating the stolen vehicle to the use of someone other than the true owner is an essential element of possession of a stolen vehicle. Because the information here did not contain an allegation

3

of that element, we reverse Mullens' conviction and dismiss the charge against him without prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

SUTTON, J.