# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46093-9-II |
| Respondent, | |
| v. | |
| JASON PAUL JOSEPH HERNANDEZ, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Jason Hernandez appeals his convictions for possession of a stolen vehicle, reckless driving, and violation of his duty on striking an unattended vehicle (hit and run). We dismiss without prejudice Hernandez's possession of a stolen vehicle conviction based on *State v. Satterthwaite*, 186 Wn. App. 359, 344 P.3d 738 (2015), because the information did not allege that he withheld or appropriated the stolen vehicle to the use of a person other than the true owner.[1]

Regarding Hernandez's other convictions, we hold that (1) a witness's testimony that Hernandez did not want to talk after his arrest did not violate Hernandez's right against self-incrimination, (2) the prosecutor did not engage in misconduct or violate Hernandez's right against self-incrimination by stating that the only thing Hernandez said after arrest was a boast about how fast he was driving, and (3) Hernandez did not receive ineffective assistance of

---

[1] Hernandez also argues that his possession of a stolen vehicle conviction should be reversed because the trial court's to-convict instruction was erroneous, his right to a unanimous verdict was violated, and (in a statement of additional grounds) the evidence was insufficient to convict him. Because we reverse Hernandez's conviction on other grounds, we do not address these issues.

counsel based on defense counsel's failure to offer Hernandez's exculpatory postarrest statements under the rule of completeness and to contest the State's motion to exclude those statements. Therefore, we affirm those convictions. But we hold that the trial court erred in imposing legal financial obligations (LFOs) without determining Hernandez's ability to pay.

We reverse Hernandez's conviction for possession of a stolen vehicle, affirm Hernandez's convictions for reckless driving and violation of his duty on striking an unattended vehicle, and remand for further proceedings consistent with this opinion.

FACTS

A police officer was running the license plates of passing cars, one of which turned up stolen. The officer pursued the car, but it dangerously increased its speed and the officer discontinued the pursuit. Soon afterward, the vehicle crashed into an unoccupied truck in a parking lot. The vehicle's occupants, among them Hernandez, fled from the scene on foot. Other police officers arrived and chased the occupants, and eventually cornered and apprehended them. Officer Michel Volk detained and arrested Hernandez.

During the booking process, Hernandez saw a nurse to determine if he was injured. The nurse asked Volk how fast the car was traveling when it crashed. Volk replied that she believed the car was going about 60 miles per hour. According to Volk's testimony, Hernandez then said, "You don't know. We were going 100-plus when we crashed." Report of Proceedings (RP) at 234. Later, Hernandez reiterated to Volk, "With all due respect, Officer Volk, you don't know what you're talking about. We were going between 70 and 100 miles per hour when we crashed." RP at 234.

2

Hernandez then told Volk that he was not the driver of the car, but had been picked up at a convenience store and was a passenger in the back seat. He also said that there were three people in the car, but that he did not know who the driver of the car was and would not tell police who the other people in the car were.

Believing that Hernandez was the driver of the vehicle, the State charged him by information with possession of a stolen vehicle, reckless driving, and violation of his duty on striking an unattended vehicle (hit and run). Regarding the possession of a stolen vehicle charge, the information did not allege that Hernandez withheld or appropriated the stolen vehicle to the use of a person other than the owner.

The State moved in limine to exclude Hernandez's exculpatory postarrest statements on the ground that they constituted self-serving hearsay because Hernandez did not plan on testifying at trial. Hernandez's attorney did not object, and in fact agreed the exculpatory statements were inadmissible.

During trial, Volk testified that when she arrested Hernandez and read him the *Miranda*[2] rights, Hernandez "stated he didn't want to talk and that he was dizzy." RP at 227. Hernandez objected to this testimony on grounds that it could lead the jury to infer that he remained silent after arrest. The trial court sustained the objection and issued a curative instruction stating that "a defendant has a right to remain silent. The jury will disregard any testimony that the defendant said that he did not want to talk and any inferences therefrom." RP at 230. The State made no further references to the matter.

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

During closing argument, the prosecutor referenced the statements Hernandez made to

Volk following his arrest. The prosecutor stated:

> What we have in this case is a person who the moment he realized he was caught did everything he could to avoid taking accountability. And who even when he had a chance to say something about it, the only thing he said was a prideful boast about how fast he actually was going.

RP at 373. Hernandez objected without stating a basis and the trial court sustained the objection.

The prosecutor continued:

> The only thing he said was that I'm sorry, you don't know what you're talking about. We were driving – we were going 70 to 100 miles per hour.

RP at 373. Hernandez did not object to this statement.

Immediately following the State's argument, Hernandez moved for a mistrial on grounds that the prosecutor had commented on Hernandez's postarrest statement in such a way as to imply that Hernandez chose to remain silent and to encourage the jury to infer guilt from silence. The trial court denied the motion but issued another curative instruction: "[W]e want to remind you that evidence comes from the witnesses that testify and the exhibits that are admitted into evidence. The lawyers' statements are not evidence." RP at 380.

The jury found Hernandez guilty on all counts. For all three convictions, the trial court imposed as a discretionary LFO the cost of court-appointed counsel. Hernandez appeals his convictions and the imposition of LFOs.

ANALYSIS

A. INSUFFICIENT CHARGING DOCUMENT

Hernandez claims that the information filed in this case was insufficient to charge him with the crime of possession of a stolen vehicle. We agree.

4

A criminal defendant has a constitutional right to be informed of the charges against him. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014). An information is constitutionally sufficient only if it includes all of the essential elements of the crime, statutory and nonstatutory. *Id.* If the State fails to allege every essential element, we must dismiss the charge without prejudice. *Id.* at 300-01. We review challenges to the sufficiency of a charging document de novo. *Id.* at 300.

Where a defendant challenges the sufficiency of a charging document for the first time on appeal, we construe the document liberally in favor of validity. *Satterthwaite*, 186 Wn. App. at 362. Under this standard, we will uphold a charging document first challenged on appeal if all necessary elements of the crime appear in any form, or by fair construction can be found in the information. *Id.* However, we will find the charging document insufficient if we cannot fairly construe the charging document as alleging an essential element of the crime. *Id.* at 362-63.

RCW 9A.56.068(1) states: "A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." RCW 9A.56.140(1) states:

> "Possessing stolen property" means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and *to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto*.

(Emphasis added.) In *Satterthwaite*, this court held that withholding or appropriating the stolen vehicle to the use of a person other than the true owner is an essential element of possession of a stolen vehicle. 186 Wn. App. at 364. Further, this court held that an information charging possession of stolen property was insufficient if it did not allege the "withhold or appropriate element." *Id.* at 365-66.

5

Here, as in *Satterthwaite*, the information charging Hernandez with possession of a stolen vehicle did not allege that Hernandez withheld or appropriated the stolen vehicle to the use of someone other than the true owner. Therefore, the information is constitutionally insufficient.

The State points out that in *Satterthwaite*, this court stated that the information was insufficient because it "did not mention withholding or appropriating the stolen vehicle to the use of a person other than the owner and did not cite RCW 9A.56.140." 186 Wn. App. at 365. Here, the information *did* cite RCW 9A.56.140. The State argues that its reference to RCW 9A.56.140 distinguishes this case from *Satterthwaite* and constitutes a sufficient allegation of withholding or appropriation.

However, mere citation to a statute is insufficient to allege a violation of its contents. *State v. Naillieux*, 158 Wn. App. 630, 645, 241 P.3d 1280 (2010). "[D]efendants should not have to search for the rules or regulations they are accused of violating." *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). This court did not hold in *Satterthwaite* that citation to RCW 9A.56.140, standing alone, is sufficient to allege that a defendant withheld or appropriated a stolen vehicle.

Because no fair reading of the information disclosed that Hernandez withheld or appropriated the stolen vehicle to the use of someone other than the true owner, we reverse his conviction for possession of a stolen vehicle and dismiss that charge without prejudice.

B.    VIOLATION OF RIGHT AGAINST COMPELLED SELF-INCRIMINATION

Hernandez argues that the State violated his constitutional right against self-incrimination when (1) Volk testified that Hernandez did not want to talk after his arrest, and (2) the prosecutor stated in closing argument that the only thing Hernandez said after his arrest was a boast about how fast the car was going. We disagree because both Volk's testimony and the prosecutor's argument

were mere references to Hernandez's silence that did not implicate the right against self-incrimination.

1.      Legal Principles

The Fifth Amendment to the United States Constitution states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." Article I, section 9 of the Washington Constitution states that "[n]o person shall be compelled in any criminal case to give evidence against himself." Both provisions guarantee a defendant the right to be free from compelled self-incrimination, including a right to silence. *State v. Knapp*, 148 Wn. App. 414, 420, 199 P.3d 505 (2009).

The Supreme Court has distinguished between a "comment" on the constitutional right to remain silent and a "mere reference" to silence. *State v. Burke*, 163 Wn.2d 204, 216, 181 P.3d 1 (2008). A "comment" involves the State's use of a defendant's silence to its advantage either as substantive evidence of guilt or to invite an inference that the defendant's silence was an admission of guilt. *Id.* at 217; *see also State v. Lewis*, 130 Wn.2d 700, 707, 927 P.2d 235 (1996). Such a comment violates the United States and Washington constitutions. *Burke*, 163 Wn.2d at 217.

Conversely, a "mere reference" is a statement that only indirectly refers to a defendant's silence. *See State v. Pottorff*, 138 Wn. App. 343, 347, 156 P.3d 955 (2007). Such a statement will not be considered a comment on the right to remain silent if it was " 'so subtle and so brief' " that it did not necessarily emphasize the defendant's silence. *Burke*, 163 Wn.2d at 216 (quoting *State v. Crawford*, 21 Wn. App. 146, 152, 584 P.2d 442 (1978)). A mere reference to

silence is not a constitutional violation unless the defendant shows some prejudice. *Burke*, 163 Wn.2d at 216.

2. Officer Volk Testimony

A testifying police officer violates a criminal defendant's right against self-incrimination by commenting on the defendant's silence or failure to respond fully to questioning. *Lewis*, 130 Wn.2d at 705. Hernandez characterizes Volk's testimony as a direct comment on his exercise of his right to remain silent. But Volk did not testify that Hernandez was in fact silent or refused to answer questions. She merely testified that Hernandez "stated he didn't want to talk and that he was dizzy." RP at 227. This was not a comment on Hernandez's silence. It was subtle and brief, did not emphasize Hernandez's silence, and did not suggest guilt or an admission of guilt. Further, the State never argued that Hernandez's statement that he did not want to talk was evidence of guilt.

The Supreme Court addressed similar situations in *Lewis* and *State v. Sweet*, 138 Wn.2d 466, 481, 980 P.2d 1223 (1999). In *Lewis*, a police officer testified that the defendant told him over the telephone that he was innocent, and that the officer told him "if he was innocent he should just come in and talk to me about it." 130 Wn.2d at 703. The court held that this was not a comment on the defendant's silence because the officer did not testify that the defendant refused to talk further about the matter with police. *Id*. at 706. Similarly, in *Sweet* a police officer testified that the defendant told him after arrest that he would submit to a polygraph and possibly provide a written statement at a later time, indirectly indicating that the defendant was silent in the interim. 138 Wn.2d at 480. The court considered that testimony to be a mere reference to silence that was not reversible error absent a showing of prejudice. *Id*. at 481.

8

Volk's testimony is similar to the testimony in *Lewis* and *Sweet* in that the jury could reasonably infer that the defendant was silent, but not that his silence indicated his guilt. As a result, Volk's statement was at most a mere reference to Hernandez's silence.

In addition, Hernandez has not shown that Volk's statement prejudiced him. The trial court quickly sustained Hernandez's objection, struck Volk's statement that Hernandez did not want to talk, and gave a curative instruction ordering the jury not to consider that statement. Therefore, there was little possibility of prejudice based solely on this testimony.

We hold that Volk's mere reference to the fact that Hernandez did not want to talk did not violate Hernandez's right against self-incrimination.

3. Prosecutorial Misconduct

Hernandez argues that the State committed prosecutorial misconduct and violated his right against self-incrimination by commenting on his partial silence in closing argument.[3] A prosecutor may not comment on a defendant's postarrest silence during closing argument. *State v. Fuller*, 169 Wn. App. 797, 818-19, 282 P.3d 126 (2012). As noted above, a prosecutor comments on the defendant's silence by using it to the State's advantage as evidence of guilt. *Burke*, 163 Wn.2d at 217. But a mere reference to silence is not a constitutional violation unless the defendant shows some prejudice. *Id.* at 216.

---

[3] Hernandez also argues that the prosecutor's statements were improper because they were deliberately misleading. The prosecutor stated that the only thing Hernandez said was a boast about the car's speed, when in fact the trial court had excluded Hernandez's statements that he was not driving the car. However, Hernandez raised this argument only in a footnote, and we generally decline to consider arguments raised only in footnotes. *See State v. Johnson*, 69 Wn. App. 189, 194 n.4, 847 P.2d 960 (1993).

Here, the prosecutor argued to the jury that "the moment [Hernandez] realized he was caught [he] did everything he could to avoid taking accountability." RP at 373. He continued: "[E]ven when he had a chance to say something about it, the only thing he said was a prideful boast about how fast he actually was going." RP at 373. After the trial court sustained Hernandez's objection to this statement, the prosecutor told the jury "[t]he only thing [Hernandez] said was that I'm sorry, you don't know what you're talking about. We were driving – we were going 70 to 100 miles per hour." RP at 373.

On their face, these statements were not direct comments on Hernandez's silence. Instead, the prosecutor was commenting on what Hernandez *did* say. He emphasized that Hernandez was boasting about how fast the car was going.

The prosecutor arguably made an indirect reference to Hernandez's silence by stating that "the only thing" he said was the boast about the car's speed. RP at 373. This argument was not a comment on Hernandez's silence. It was subtle and brief, did not emphasize Hernandez's silence, and did not suggest guilt or an admission of guilt. Further, the State never argued that Hernandez's statement about speed was evidence of his guilt. The State certainly did not use Hernandez's partial silence to its advantage either as substantive evidence of guilt or to invite an inference that his silence was an admission of guilt. *See Burke*, 163 Wn.2d at 217.

We hold that the prosecutor's statements about what Hernandez said did not constitute misconduct and did not violate Hernandez's right against self-incrimination.

C.    INEFFECTIVE ASSISTANCE OF COUNSEL

Hernandez argues that he received ineffective assistance of counsel because his attorney (1) failed to offer Hernandez's exculpatory postarrest statements as evidence under the common law

rule of completeness and (2) failed to object to the State's motion to exclude those statements. We disagree.

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby,* 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on such a claim, the defendant must show that (1) defense counsel's representation was deficient, and (2) the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011).

Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 33. We presume counsel's performance was not deficient. *Id.* at 33. The defendant may rebut this presumption by showing that the performance was not a matter of legitimate trial strategy or tactics, and fell below an objective standard of reasonableness. *Id.* Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the proceeding would have differed. *Id.* at 34. In this context, a reasonable probability is a probability sufficient to undermine confidence of the outcome. *Id.*

1. Failure to Offer Statements under Rule of Completeness

Hernandez argues that his attorney provided ineffective assistance because she failed to offer his postarrest exculpatory statements under the rule of completeness. We disagree.

ER 106 states the rule of completeness in Washington. *See State v. Roberts*, 142 Wn.2d 471, 496, 14 P.3d 717 (2000) (referring to ER 106 as the rule of completeness). ER 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the party at that time to introduce any other part, or any other writing or recorded statement, which ought in fairness to be considered contemporaneously with it.

Under its plain language, this rule applies only to written or recorded statements. *State v. Perez*, 139 Wn. App. 522, 531, 161 P.3d 461 (2007). This court in *Perez* expressly stated that the rule of

completeness does not apply to oral statements. *Id.* Therefore, defense counsel was not deficient in failing to offer Hernandez's statements under ER 106.

Hernandez argues that ER 106 only partially codified the rule of completeness and that the common law doctrine survives, citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988). He claims that the common law rule applies to oral statements. However, he cites no Washington authority for the proposition that there is a separate rule of completeness in Washington that exists apart from ER 106.

The court in *Perez* did not contemplate some separate common law rule when holding that the rule of completeness did not apply to oral statements. 139 Wn. App. at 531. On the other hand, Division One of this court in *State v. Simms* considered whether to admit an oral statement under ER 106 without holding that the rule was inapplicable as a matter of law. 151 Wn. App. 677, 692-93, 214 P.3d 919 (2009). Arguably, it would have been reasonable for defense counsel to at least attempt to rely on the rule of completeness to introduce the exculpatory portions of Hernandez's statements.

However, even if we assume that defense counsel was deficient, Hernandez cannot prove that the trial court would have admitted the statements. In considering a motion under the rule of completeness, the trial court would have been faced with the plain language of ER 106 that limited application of the rule to written or recoded statements and with the controlling authority in *Perez* stating that the rule did not apply to oral statements. Given the state of the law, Hernandez cannot show that the trial court would have ruled in his favor even if defense counsel had attempted to introduce his oral statements.

We hold that the failure to offer the exculpatory portions of Hernandez's statements was not a proper basis for an ineffective assistance claim.

2.      Failure to Object

Hernandez also argues that his attorney provided ineffective assistance because she failed to object to the State's motion to exclude his exculpatory postarrest statements. We disagree.

The State moved to exclude the exculpatory portions of Hernandez's statements on grounds that they constituted inadmissible self-serving hearsay. Under ER 801(d)(2), out-of-court statements of a party offered *against* that party are admissible as non-hearsay, even if offered to prove the truth of matters they assert. But a party's out-of-court statements offered *by* that party as proof of the truth of matters they assert are hearsay and are inadmissible if not subject to a hearsay exception. *State v. Finch*, 137 Wn.2d 792, 824, 975 P.2d 967 (1999). Here, the trial court excluded Hernandez's exculpatory statements under this rule.

As Hernandez notes, this "self-serving hearsay" rule does not render inadmissible otherwise admissible non-hearsay or hearsay statements falling under a hearsay exception. *State v. Pavlik*, 165 Wn. App. 645, 650, 268 P.3d 986 (2011). But as discussed above, Hernandez's statements were not admissible under the rule of completeness. Hernandez asserts no other basis for admissibility of the exculpatory portions.

We hold that Hernandez did not receive ineffective assistance of counsel regarding his inadmissible exculpatory statements.

D.      IMPOSITION OF LFOS

Hernandez argues that the trial court erred in imposing discretionary LFOs on his two misdemeanor convictions without considering whether he had the present or future ability to pay.

The State argues that Hernandez waived this argument by not objecting to the imposition of LFOs and that the record supports a finding that Hernandez did have the ability to pay.

Under RCW 10.01.160(3), a trial court cannot require a defendant to pay discretionary LFOs unless he or she is or will be able to pay them. *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). This requires an individualized inquiry into the defendant's current and future ability to pay discretionary LFOs. *Id.* However, if the defendant does not object in the trial court, we have discretion to decline to consider the issue, as it was raised for the first time on appeal. *Id.* at 834-35.

Here, because we are remanding this case for other reasons, we exercise our discretion to consider the issue. Although there is some evidence in the record regarding Hernandez's ability to pay, the trial court did not make the individualized inquiry into the issue that *Blazina* requires. Accordingly, on remand we direct the trial court to conduct an individualized inquiry into Hernandez's ability to pay discretionary LFOs before imposing them.

E.     APPELLATE COSTS

Hernandez filed a supplemental brief requesting that, if the State substantially prevails in this appeal, we decline to impose appellate costs on him because he claims to be indigent. We hold that because we reverse Hernandez's felony conviction and affirm on his two misdemeanor convictions, the State has not substantially prevailed on appeal and is not entitled to appellate costs.

CONCLUSION

We reverse Hernandez's conviction for possession of a stolen vehicle, affirm Hernandez's convictions for reckless driving and violation of his duty on striking an unattended vehicle, and remand for further proceedings consistent with this opinion.

No. 46093-9-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

I concur:

LEE, J.

No. 46093-9-II

BJORGEN, C.J., (dissenting) — I agree that Tacoma Police Officer Michael Volk's testimony that Jason Hernandez "stated he didn't want to talk and that he was dizzy," was not a comment on Hernandez's silence. Report of Proceedings (RP) at 227. However, the State's closing argument about what Hernandez did and did not say, in my view, crossed the line from a mere reference to silence to an impermissible comment on silence. For that reason, I dissent.

The majority ably sets out the principles we apply in determining whether the State's argument violated Hernandez's constitutional right against self-incrimination by improperly commenting on his silence. On the facts before us, that determination pivots on whether the State's remarks were a "comment" on the constitutional right to remain silent or a permissible "'mere reference'" to silence. *See State v. Burke*, 163 Wn.2d 204, 216, 181 P.3d 1 (2008) (quoting *State v. Lewis*, 130 Wn.2d 700, 706-07, 927 P.2d 235 (1996)).

In closing argument, after referring to the statements Hernandez made to Volk following his arrest, the prosecutor stated:

> What we have in this case is a person who the moment he realized he was caught did everything he could to avoid taking accountability. And who even when he had a chance to say something about it, the only thing he said was a prideful boast about how fast he actually was going.

RP at 373. The only element of this statement referring to what Hernandez did not say is the prosecutor's assertion that in these circumstances "the only thing he said was a prideful boast." RP at 373. Semantically, this is equivalent to saying, "He made a prideful boast and he did not say anything else." As such, I do not agree that the remark can be characterized as only asserting what Hernandez *did* say. However, a remark of this nature, "he only said x," refers to silence only in an oblique, implicit manner. Taken in isolation, this remark, "the only thing he said was a prideful boast," was subtle and brief enough that it did not necessarily emphasize the

16

defendant's silence. Nor, taken in isolation, did this remark invoke the defendant's silence either as substantive evidence of guilt or as an inference that the defendant's silence was an admission of guilt. *Burke*, 163 Wn.2d at 217. Under *Burke*, this one remark should be deemed a permissible "mere reference" to silence.

With claims of prosecutorial misconduct, though, we do not view fragments of an argument in isolation. Instead, "[w]e review a prosecutor's comments during closing argument in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions." *State v. Johnson*, 158 Wn. App. 677, 683, 243 P.3d 936 (2010).

The context needed to judge the remarks Hernandez challenges is supplied by the passage set out above. Viewed in its entirety, the prosecutor in that passage asked the jury to infer Hernandez's guilt from what he did not say.

The full sentence in which the fragment just analyzed is found states:

And who even when he had a chance to say something about it, the only thing he said was a prideful boast about how fast he actually was going.

RP at 373. The boast to which this refers occurred after Hernandez had been arrested. When an innocent person is arrested and is given "a chance to say something about it," the natural response would be to explain that he did not commit the offense. By highlighting that Hernandez only boasted about a characteristic of the offense when given that chance, this sentence invites the jury to infer his guilt from what he did not say. *Cf. Burke*, 163 Wn.2d at 221-22.

This message is reinforced by the first sentence in the passage set out above:

What we have in this case is a person who the moment he realized he was caught did everything he could to avoid taking accountability.

17

RP at 373. Introduced in this way, the State's argument was that one of the primary ways in which Hernandez tried "to avoid taking accountability" was to remain silent before the police. The prosecutor obviously was not arguing that Hernandez failed to take accountability by failing to proclaim his innocence. Given the purpose and context of the prosecutor's argument, the message it sent was that Hernandez was avoiding accountability by failing to take responsibility for his wrongful act. The implication, all told, was that Hernandez's silence was evidence of both his guilt and his inability to accept its consequences.

Considered in its context, these remarks by the prosecutor were a comment on Hernandez's silence and violated his Fifth Amendment right to remain silent. Such a constitutional error warrants reversal unless the State carries the considerable burden of proving that "beyond a reasonable doubt any reasonable jury would reach the same result absent the error." *State v. Easter*, 130 Wn.2d 228, 242, 922 P.2d 1285 (1996). Although the case against Hernandez was strong, the evidence was not so overwhelming as to dispel the specter of reasonable doubt.

It is one thing, at this remove, to examine the colors of a sentence's meaning with a gem cutter's eye; and quite another, in the broils of trial, to argue effectively while remaining always within the lines of often hazy legal doctrines. Nonetheless, when much is at stake, much is demanded. The Fifth Amendment guards the silence of the accused, and in doing so guards us all from "the inquisitorial method of investigation in which the accused is forced to disclose the contents of his mind, or speak his guilt." *Easter*, 130 Wn.2d at 236. The Fifth Amendment thus serves as a bulwark against the horrors of implied or forced confessions, an expedient that has tempted government even into our own time.

The argument at issue here is far from these examples, but did improperly invite the jury to infer guilt from silence. With awareness of and respect for the difficulty of an advocate's job, that step compels reversal.

_____, C.J._____
BJORGEN, C.J.