
FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JUL 14 2016

Madsen, C.J.
CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on July 14, 2016

Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>      Petitioner,<br><br>  v.<br><br>CLIFFORD MELVIN PORTER, JR.,<br><br>      Respondent. | NO. 92060-5<br><br>EN BANC<br><br>Filed    JUL 14 2016 |

STEPHENS, J.—The State challenges a Court of Appeals decision reversing Clifford Porter's conviction for possession of a stolen motor vehicle. At issue is whether an information charging possession of a stolen motor vehicle must allege that the defendant withheld or appropriated the vehicle for the use of a person other than the true owner.

Applying a liberal construction, we hold that the charging document adequately captured the essential elements of the crime of possession of a stolen motor vehicle. The information referenced the applicable criminal statutes and

stated that Porter "did unlawfully and feloniously knowingly possess a stolen motor vehicle." Clerk's Papers (CP) at 1. The State was not required to include language specifying that Porter withheld the vehicle from the true owner, as such language merely defines and limits the scope of the crime of possession of a stolen motor vehicle. *State v. Johnson*, 180 Wn.2d 295, 302, 325 P.3d 135 (2014) ("The State need not include definitions of elements in the information."). We reinstate Porter's conviction and remand to the Court of Appeals to address his remaining issues on appeal.

## BACKGROUND

Pursuant to a search warrant, police discovered portions of a stolen vehicle on Porter's property. The State subsequently charged Porter by information with unlawful possession of a stolen motor vehicle, stating

> [t]hat CLIFFORD MELVIN PORTER, JR., in the State of Washington, on or about the 27th day of August, 2011, did unlawfully and feloniously knowingly possess a stolen motor vehicle, knowing that it had been stolen, contrary to RCW 9A.56.068 and 9A.56.140, and against the peace and dignity of the State of Washington.

CP at 1.

At the close of trial, the jury convicted Porter as charged. On appeal, Porter argued for the first time that his conviction should be overturned because the charging document was constitutionally deficient for failing to allege that Porter withheld or appropriated the vehicle from the true owner. Suppl. Br. of Appellant at 2-6. Relying on its decision in *State v. Satterthwaite*, 186 Wn. App. 359, 344 P.3d

738 (2015), issued while Porter's appeal was pending, the Court of Appeals held that this language constitutes an essential element of the crime, and reversed Porter's conviction. *State v. Porter*, noted at 188 Wn. App. 1051 (2015). We granted review. *State v. Porter*, 184 Wn.2d 1026, 364 P.3d 119 (2016).

ANALYSIS

Porter argues that his conviction should be overturned because the charging document omitted an essential element of the offense of possession of a stolen motor vehicle: RCW 9A.56.140(1)'s provision stating that possession means to "'withhold or appropriate [stolen property] to the use of any person other than the true owner or person entitled thereto.'" Suppl. Br. of Resp't at 4 (quoting RCW 9A.56.140(1)). The State contends the information need not include the "withhold or appropriate" language because it merely defines the essential element of possession and is not itself an essential element. Suppl. Br. of Pet'r at 4-8. For the reasons explained below, we conclude the State has the better argument.

*The Charging Document Captured All Essential Elements of the Crime of Unlawful Possession of a Stolen Motor Vehicle*

Individuals charged with crimes have the constitutional right to know the charges against them. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The State formally gives notice of the charges by information, which "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(a)(1).

The information is constitutionally sufficient "only if all essential elements of a crime, statutory and nonstatutory, are included in the document." *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). "'An essential element is one whose specification is necessary to establish the very illegality of the behavior charged.'" *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (internal quotation marks omitted) (quoting *State v. Ward*, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)). "Words in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied." *State v. Kjorsvik*, 117 Wn.2d 93, 109, 812 P.2d 86 (1991). When, as here, the information is challenged for the first time on appeal, the charging document will be construed "quite liberally." *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992); *see also State v. McCarty*, 140 Wn.2d 420, 435, 998 P.2d 296 (2000).

The primary purpose of the essential element rule is "to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense." *Vangerpen*, 125 Wn.2d at 787. A secondary purpose for the essential element rule is to bar "'any subsequent prosecution for the same offense.'" *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010) (quoting *State v. Leach*, 113 Wn.2d 679, 688, 782 P.2d 552 (1989)). If the State fails to allege every essential element, then the information is insufficient and the charge must be dismissed without prejudice. *Id.* at 226 n.3.

Porter was charged with unlawful possession of a stolen motor vehicle under RCW 9A.56.068. That statute reads, "A person is guilty of possession of a stolen

vehicle if he or she possess [possesses] a stolen motor vehicle." RCW 9A.56.068(1) (alteration in original). Porter argues that the information is deficient because it does not contain the statutory definition of "possess." Suppl. Br. of Resp't at 4-5. Under RCW 9A.56.140(1), "'[p]ossessing stolen property' means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." At issue is whether RCW 9A.56.140(1) merely defines the essential element of "possession" or instead provides an additional essential element the State must allege when charging a criminal defendant with possession of a stolen motor vehicle.

In reversing Porter's conviction for possession of a stolen motor vehicle, the Court of Appeals relied on *Satterthwaite*, 186 Wn. App. 359, which addressed the identical issue presented in this case. In *Satterthwaite*, the Court of Appeals held that RCW 9A.56.140(1) constituted an essential element of possession of a stolen motor vehicle—rather than a definition of an essential element—because withholding the stolen property from the owner is what ultimately makes possessing the stolen vehicle illegal. *Id.* at 365. Otherwise, the Court of Appeals reasoned, the law would not differentiate between "a person attempting to return known stolen property and a person choosing to keep, use, or dispose of known stolen property." *Id.* at 364. The Court of Appeals therefore held that "'withhold or appropriate'" is an essential element of RCW 9A.56.068 because it establishes the very illegality of the act. *Id.* at 365.

The State argues *Satterthwaite* is inconsistent with *Johnson*. Suppl. Br. of Pet'r at 8. We agree. In *Johnson*, this court clarified the difference between an essential element and a definition of an element, holding that the "State need not include definitions of elements in the information." 180 Wn.2d at 302. In *Johnson*, the defendant was charged with unlawful imprisonment. *Id.* at 301. The information read:

> "And I, Daniel T. Satterberg, Prosecuting Attorney aforesaid further do accuse J.C. JOHNSON of the crime of **Unlawful Imprisonment - Domestic Violence**, based on a series of acts connected together with another crime charged herein, committed as follows:
> "That the defendant J.C. JOHNSON in King County, Washington, during a period of time intervening between May 4, 2009 through May 6, 2009, did knowingly restrain [J.J.], a human being;
> "Contrary to RCW 9A.40.040, and against the peace and dignity of the State of Washington."

*Id.* (alteration in original). The defendant challenged the information, arguing it was constitutionally insufficient for not including the definition of "restrain." *Id.* at 301-02. Finding the charging document sufficient, this court held that the State was not required to include definitions of elements and that it was enough for the State to allege all of the essential elements found in the unlawful imprisonment statute. *Id.*

Under our analysis in *Johnson*, the information charging Porter with unlawful possession of a stolen vehicle passes constitutional muster. Contrary to Porter's argument, the State was not required to include the definition of "possess." Like the definition of "restrain," the definition of "possess" defines and limits the scope of the essential elements of the crime of unlawful possession of a stolen motor vehicle.

the essential elements of the crime of unlawful possession of a stolen motor vehicle. *See also State v. Allen*, 176 Wn.2d 611, 626-30, 294 P.3d 679 (2013) (upholding an information charging felony harassment as constitutional when it did not articulate the constitutional limitation that only true threats may be charged because the "true threat" concept merely defines and limits the scope of the essential threat element in the harassment statute).

When liberally construed as required under *Kjorsvik*, the charging document clearly put Porter on notice that possessing a stolen vehicle was illegal, which is the primary purpose of the essential element rule. *Vangerpen*, 125 Wn.2d at 787. The charging document also alleged that Porter knowingly possessed property he knew to be stolen, and it referenced RCW 9A.56.140, which provides the applicable definition of "possess." Though "[m]erely citing to the proper statute and naming the offense is insufficient to charge a crime unless the name of the offense apprises the defendant of all of the essential elements of the crime," here the information sufficiently articulated the essential elements of the crime for which Porter was charged, making further elaboration of what it means to unlawfully possess stolen property unnecessary. *Id.* While it certainly could have been more elaborate, the information was constitutionally sufficient. The Court of Appeals erred by vacating Porter's conviction.

Because the Court of Appeals relied on *Satterthwaite*, we take this opportunity to disapprove that decision. *Satterthwaite* is erroneously premised on the notion that the illegality of the conduct proscribed in RCW 9A.56.068 is withholding a stolen

motor vehicle from the true owner. But that is contrary to RCW 9A.56.068's plain terms. Under RCW 9A.56.068, a "person is guilty of possession of a stolen vehicle if he or she . . . [possesses] a stolen motor vehicle." RCW 9A.56.068(1) (second alteration in original). The fact that "possession" is more precisely defined in a way that might vindicate someone who unwittingly possesses the stolen property and thus does not withhold it from the true owner does not *add* to the essential elements of RCW 9A.56.068. Instead, it limits and defines the scope of the essential element, which the State is not required to allege under *Johnson*.

To support his argument that the definition of "possess" is an essential element of the crime for which he is charged, Porter points to the fact that the jury instructions at trial contained that definition. Suppl. Br. of Resp't at 6-7. Porter cites no authority—binding, persuasive, or otherwise—to support his argument that charging documents must mirror pattern to-convict jury instructions. And for good reason: charging documents and jury instructions serve very different purposes. Jury instructions "allow[] each party to argue its theory of the case" and "must convey to the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt." *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007) (citing *Victor v. Nebraska*, 511 U.S. 1, 5-6, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994)). Charging documents serve to put the defendant on notice of the crime against him. *Vangerpen*, 125 Wn.2d at 787.

Finally, Porter's reliance on *State v. Moavenzadeh*, 135 Wn.2d 359, 956 P.2d 1097 (1998), and *State v. McKinsey*, 116 Wn.2d 911, 810 P.2d 907 (1991), is

misplaced. In *Moavenzadeh*, this court reversed a defendant's conviction when an information charging three counts of first degree possession of stolen property "contain[ed] no language which c[ould] fairly be read to allege that [the defendant] knew the property was stolen." 135 Wn.2d at 363. Overruling prior cases, the court held that the knowledge element of possession of stolen property is an essential element. *Id.* at 363-64. Here, the charging document clearly put Porter on notice that he was being charged for "possess[ing] a stolen motor vehicle, knowing that it had been stolen." CP at 1. Further elaboration of how a person may "possess" stolen property was unnecessary. And although this court in *McKinsey* included the words "withhold or appropriate" in setting out the elements of the crime that must be proved, it did not announce them as *essential* elements of the crime for charging purposes. 116 Wn.2d at 913. Instead, the issue in *McKinsey* was whether possession of stolen property is a crime of dishonesty admissible for impeachment purposes. *Id.* at 912. *McKinsey* does not undercut the clear holding in *Johnson* recognizing that not all aspects of proof that are necessary at trial constitute essential elements that must be included in the information. *Johnson*, 180 Wn.2d at 301-02.

## CONCLUSION

Liberally construed, the charging document included all essential elements of the crime of possession of a stolen motor vehicle. The State was not required to include the definitional element of "possess" to properly charge Porter. Accordingly, we reinstate Porter's conviction for unlawful possession of a stolen

motor vehicle and remand to the Court of Appeals to address Porter's remaining claims.

Stephens, J.

WE CONCUR:

Madsen, C.J.

Wiggins, J.

Johnson, J.

González, J.

Owens, J.

Gordon McCloud, J.

Fairhurst, J.

Yu, J.