IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33573-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHANE R. HUGHES, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Shane R. Hughes appeals his conviction for

possession of a stolen motor vehicle, arguing the charging document was constitutionally

insufficient for failure to allege that the defendant withheld or appropriated the vehicle

for the use of a person other than the true owner. He also objects to several provisions of

his judgment and sentence. We affirm.

## FACTS

Shane Hughes admitted to taking a pickup truck parked at Otto Sieber's residence.

He claimed he thought the truck was abandoned and that Mr. Sieber had died. The State

subsequently charged Mr. Hughes by amended information with one count of possession

of a stolen vehicle. Mr. Hughes did not challenge the sufficiency of the information. A jury found Mr. Hughes guilty as charged.

At sentencing, the trial court struck all of Mr. Hughes' legal financial obligations (LFOs), including the deoxyribonucleic acid (DNA) fee, but did not strike the boilerplate language requiring Mr. Hughes to submit a DNA sample. The court did not impose a term of community custody, but an appendix to the sentence required him to report for postrelease Department of Corrections (DOC) supervision.

## ANALYSIS

*Sufficiency of the Information*

Mr. Hughes first argues that his conviction should be overturned because the amended information failed to allege an essential element of possession of a stolen vehicle—specifically, RCW 9A.56.140(1)'s provision stating that possession means to "withhold or appropriate [stolen property] to the use of any person other than the true owner or person entitled thereto." The State responds that the information need not include the "withhold or appropriate" term because the term is a definition of an essential element, rather than an essential element itself. We review the sufficiency of a charging document de novo. *State v. Siers*, 174 Wn.2d 269, 273-74, 274 P.3d 358 (2012).

2

All essential elements of an alleged crime, both statutory and nonstatutory, must be included in the charging document. *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014). The primary purpose of this rule is to give the accused notice of the nature of the allegations so that a defense may be properly prepared. *Id.* Charging documents need contain only the essential elements of a crime, not the definitional elements. *Id.* at 298. Charging documents challenged for the first time on appeal will be more liberally construed in favor of validity than those challenged before or during trial. *State v. Kjorsvik*, 117 Wn.2d 93, 102-03, 812 P.2d 86 (1991).

Mr. Hughes was charged with possession of a stolen vehicle under RCW 9A.56.068, which reads: "A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." (Alteration in original.) The information at issue here reads as follows:

> He, the said, SHANE R. HUGHES, in the State of Washington, on or about the month of January, 2014, did knowingly possess a stolen vehicle, to wit: Dodge Ram, license plate #B80949H, belonging to Otto Sieber; thereby committing the felony crime of POSSESSION OF A STOLEN VEHICLE; contrary to Revised Code of Washington 9A.56.068.

Clerk's Papers (CP) at 1.

Mr. Hughes argues that the information is constitutionally deficient because it does not contain RCW 9A.56.140(1)'s definition of "possess." Mr. Hughes cites *State v.*

3

No. 33573-9-III
*State v. Hughes*

*Satterthwaite*, 186 Wn. App. 359, 344 P.3d 738 (2015), *disapproved of by State v. Porter*, 186 Wn.2d 85, 375 P.3d 664 (2016), where Division Two of this court held that the "withhold or appropriate" language of RCW 9A.56.140(1) is an essential element of possession of a stolen vehicle, Mr. Hughes argues that his conviction must be reversed because the information lacked this essential element of the charged crime. *See Satterthwaite*, 186 Wn. App. at 364-65 ("It is the withholding or appropriation of a stolen [motor vehicle] to the use of someone other than the owner that ultimately makes the possession illegal.").

After Mr. Hughes filed his opening brief, our Supreme Court expressly disapproved of *Satterthwaite*, ruling that the language of RCW 9A.56.140(1) is merely definitional and does not set forth essential elements of the offense of possession of a stolen vehicle. *Porter*, 186 Wn.2d at 92. It reasoned:

> *Satterthwaite* is erroneously premised on the notion that the illegality of the conduct proscribed in RCW 9A.56.068 is withholding a stolen motor vehicle from the true owner. But that is contrary to RCW 9A.56.068's plain terms. . . . The fact that "possession" is more precisely defined in a way that might vindicate someone who unwittingly possesses the stolen property and thus does not withhold it from the true owner does not *add* to the essential elements of RCW 9A.56.068. Instead, it limits and defines the scope of the essential element, which the State is not required to allege . . . .

*Porter*, 186 Wn.2d at 92.

4

Applying *Porter*, we conclude the information here is constitutionally sufficient. It alleged all the essential elements of the crime, rendering a definition of possession unnecessary.

*Sentencing Issues*

Mr. Hughes next argues that the trial court abused its discretion by ordering him to submit to a DNA collection because the record establishes he previously submitted a sample. RCW 43.43.754(1)(a) requires collection of a biological sample when an individual is convicted of a felony offense. However, RCW 43.43.754(2) provides: "If the Washington state patrol crime laboratory already has a DNA sample from an individual for a qualifying offense, a subsequent submission is not required . . . ." Here, paragraph 4.4 stated, "[t]his paragraph does not apply if it is established that the Washington State Patrol crime laboratory already has a sample from the defendant for a qualifying offense." CP at 10.

The parties agree that Mr. Hughes has been convicted of numerous adult and juvenile felonies. Presumably, DNA testing occurred on at least one of these sentencings. The language of the judgment and sentence accurately notifies DOC that the DNA collection does not apply if Mr. Hughes has already provided a sample. There is no error.

5

Mr. Hughes also challenges the appendix called "Payment of Legal Financial

Obligations" and appendix 4.6, which requires Mr. Hughes to report to DOC within 72

hours of the commencement of community supervision. CP at 16. We conclude neither

appendix applies to Mr. Hughes: the court did not order community custody or impose

LFOs.

### APPELLATE COSTS

Finally, Mr. Hughes asks us to decline to impose the appellate costs authorized in

RCW 10.73.160 and RAP 14.2. Under RCW 10.73.160(1), courts have discretion to

require a criminal defendant to pay appellate costs. The State may request recoupment of

fees for the court-appointed counsel and the expenses incurred in producing the report of

proceedings and clerk's papers. RCW 10.73.160(2), (3). RAP 14.2 states that a

commissioner or clerk of the appellate court will award costs to the party that

substantially prevails on appeal unless the appellate court directs otherwise.

In this case, the State asserts that it will not seek appellate costs. Consequently,

the issue is moot and no continuing or substantial public interest requires a ruling. *See*

*State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012).

6

No. 33573-9-III
*State v. Hughes*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, J.

7