# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47290-2-II |
| Respondent, | |
| v. | |
| JOSHUA JAMES MULLENS, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Joshua Mullens appeals his conviction for possession of a stolen vehicle. His only claim is that the information charging him was deficient because it failed to include an essential element of the charged crime: withholding or appropriating the stolen vehicle to the use of someone other than the true owner.

In a previous opinion, we held based on *State v. Satterthwaite*, 186 Wn. App. 359, 344 P.3d 738 (2015) that withholding or appropriating the stolen vehicle to the use of someone other than the true owner is an essential element of possession of a stolen vehicle that must be included in the information. *State v. Mullens*, No. 47290-2-II, slip op. at 2-3 (Wash. Ct. App. Nov. 24, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/47290-2.15.pdf. Therefore, we reversed Mullens' conviction and dismissed the charge against him without prejudice. *Id.*

The Supreme Court subsequently decided *State v. Porter*, 186 Wn.2d 85, 375 P.3d 664 (2016). In *Porter*, the court disapproved the holding in *Satterthwaite* and held that the information for the charge of possession of a stolen vehicle need not include language that the

accused withheld or appropriated the stolen vehicle to the use of someone other than the true owner. *Id*. at 90-92, 94. Following its decision in *Porter*, the Supreme Court granted review in this case and remanded to this court for reconsideration in light of *Porter*. *State v. Mullens*, 186 Wn.2d 1008, 380 P.3d 494 (2016).

We now hold that under *Porter*, the information in this case was constitutionally sufficient. Accordingly, we affirm Mullens's conviction for possession of a stolen vehicle.

## FACTS

In October 2014, the State charged Mullens with possession of a stolen vehicle. The information stated that Mullens "did unlawfully and feloniously knowingly possess a stolen motor vehicle, knowing that it had been stolen, contrary to RCW 9A.56.068 and RCW 9A.56.140." Clerk's Papers at 1. Mullens did not challenge the sufficiency of the information at trial. The jury found Mullens guilty of possession of a stolen vehicle.

Mullens appeals his conviction based on the claim that the information charging him with unlawful possession of a vehicle was deficient.

## ANALYSIS

A.    ESSENTIAL ELEMENTS RULE

An information is constitutionally sufficient only if it includes all the essential elements of a crime. *Porter*, 186 Wn.2d at 89. The primary purpose of the essential elements rule is to give notice to the accused of the charges and to allow him or her to prepare a defense. *Id.* If the State fails to allege every essential element, then the information is insufficient and we must dismiss the charge without prejudice. *Id.* at 89-90.

The test for identifying an essential element of an offense is whether the element's specification is necessary to establish the illegality of the behavior charged. *Id.* at 89. Essential

elements include only those facts that must be proved beyond a reasonable doubt to convict a defendant of the charged crime. *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013). When the information is challenged for the first time on appeal, we construe its language liberally. *Id.* at 89

B.      ESSENTIAL ELEMENTS OF POSSESSION OF A STOLEN VEHICLE

RCW 9A.56.068(1) states that a person is guilty of possession of a stolen vehicle if he or she possesses a stolen motor vehicle. RCW 9A.56.140(1) states that "possessing stolen property" means "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." The information referenced both statutes, but did not expressly include the language in RCW 9A.56.140(1) about withholding or appropriating the stolen vehicle to the use of someone other than the true owner.

Mullens argues that the statutory definition of possessing stolen property in RCW 9A.56.140(1) must be included in the information for the charge of possession of a stolen vehicle. However, the Supreme Court in *Porter* expressly rejected that argument. 186 Wn.2d at 90-92, 94. The court held that an information with language almost identical to the information here contained all the essential elements of possession of a stolen vehicle and therefore was not deficient. *Id*. at 88, 94.

We apply *Porter* and hold that the information charging Mullens with possession of a stolen vehicle was constitutionally sufficient even though it did not include a statement that Mullens withheld or appropriated the stolen vehicle to the use of someone other than the true owner. Therefore, the information here was constitutionally sufficient.

## CONCLUSION

We affirm Mullens's conviction for possession of a stolen vehicle.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

WORSWICK, J.

SUTTON, J.