IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34731-1-III |
| Respondent, | ) | |
| v. | ) | |
| KEVIN BRYCE SNOW, | ) | UNPUBLISHED OPINION |
| Appellant, | ) | |
| STEPHEN L. MURPHY, | ) | |
| Defendant. | ) | |

KORSMO, J. — Kevin Snow appeals his convictions for second degree burglary and four counts of possession of a stolen motor vehicle, arguing that the evidence was insufficient to support the convictions and that his counsel rendered ineffective assistance. We affirm.

FACTS

This incident arose after Stephen Murphy stole four snowmobiles and a cargo trailer from a Spokane Valley business around September 2, 2015. He contacted his friend, Kevin Snow, and asked for assistance in storing the property.

In July 2013, Snow's former residence on Wellesley Avenue in northwest Spokane had been foreclosed by the bank and remained unoccupied through the dates of this incident.[1] Snow, who apparently had retained a key to the detached garage on the property, met Murphy there in the middle of the night on September 2. He helped Murphy unload the four snowmobiles and locked them in the garage.

Police served a search warrant for the garage on September 8, 2015. They found the four missing snowmobiles in varying stages of disassembly. Mr. Snow later was arrested and he subsequently spoke with the investigating detective on September 10. Mr. Snow did not testify at the ensuing trial, but some of his statements to the detective were offered into evidence. He told the detective that he was "reasonably sure" the snowmobiles were stolen and he provided the storage area because Murphy assured him "he would be taken care of." Report of Proceedings (RP) at 57.

The defense rested without presenting evidence and the parties agreed to all of the jury instructions given by the court; no additional instructions were sought by any party. The defense argued the case to the jury on the theory that Mr. Snow did not know that the snowmobiles were stolen and that he thought he could still use the garage.

---

[1] A neighbor testified that he had not seen Mr. Snow on the property since 2011 and had not seen anyone on the property since 2012.

2

The jury, however, convicted Mr. Snow as charged. After the court imposed concurrent standard range terms, Mr. Snow timely appealed to this court. A panel considered the case without argument.

## ANALYSIS

Mr. Snow first argues that the evidence was insufficient to support the jury's verdict on each count because there was no evidence showing his privilege to use the property had been revoked or that he knew the snowmobiles were stolen. He also contends that his counsel performed ineffectively by not seeking an instruction on the lesser included offense of criminal trespass. We first address his sufficiency of the evidence instruction before turning to the ineffective assistance claim.

*Sufficiency of the Evidence*

The sufficiency of the evidence arguments each revolve around the defendant's knowledge of certain facts relevant to the convictions. Properly understood, the evidence supported the elements of the crimes.

Very well settled standards govern review of this issue. We review such challenges to see if there was evidence from which the trier of fact could find each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most

3

favorable to the prosecution. *Id.* Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004). "Credibility determinations are for the trier of fact and are not subject to review." *Id.* at 874.

The charged offenses each contain several elements, but only a few of them are at issue in this appeal. With respect to the second degree burglary count, Mr. Snow challenges the unlawful entry element.[2] On the possession of stolen vehicle counts, he argues the evidence did not establish that he knew the vehicles were stolen.[3] We briefly turn to each of these contentions.

"A person 'enters or remains unlawfully' in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain." RCW 9A.52.010(2). The State presented evidence from a bank employee that the bank had foreclosed Mr. Snow's interest in the property and now owned it; no one was authorized to be on the property or use it. Despite that evidence, and despite the fact that he

---

[2] "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1).

[3] "A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." RCW 9A.56.068(1). In turn, "possessing stolen property" means "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen." RCW 9A.56.140(1). *See State v. Porter*, 186 Wn.2d 85, 90-93, 375 P.3d 664 (2016) (applying definition to possession of a stolen motor vehicle).

4

presented no evidence whatsoever that would suggest he thought he still could use the property, Mr. Snow argues that it was not shown that he had been evicted from the property. He does not explain how there was any duty to prove that point. Due process merely requires the State to prove the elements of its case. *Jackson*, 443 U.S. at 319. Mr. Snow cites to no authority requiring that the defense case needed to be disproved. Properly understood, the evidence supported the jury's determination that the unlawful entry element was established.

Mr. Snow also argues that he did not know that the snowmobiles were stolen property. However, his own statement to the police that he was "reasonably sure" they were stolen is plenty of evidence that he knew that fact. In addition, the middle of the night concealment and subsequent dismantling of the snowmobiles in an unoccupied garage that Mr. Snow had not used for four years was circumstantial evidence that this operation was not above board. A jury could infer from this circumspect behavior that Mr. Snow knew the snowmobiles had been stolen.

Accordingly, the evidence supported the jury's determination that each of the contested elements was established beyond a reasonable doubt. The evidence was sufficient.

*Ineffective Assistance of Counsel*

Mr. Snow next argues that his counsel provided ineffective assistance because he did not seek an instruction for the lesser included offense of criminal trespass. While the State contends that there was no factual basis for giving the instruction, we reject the challenge due to the inadequacy of the record to review the claim.

This claim, too, is governed by very well settled principles. An attorney must perform to the standards of the profession; failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate counsel's performance using a two-prong test that requires courts to determine whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

RPC 1.2(a) provides in part that "a lawyer shall abide by a client's decisions concerning the objectives of representation." This provision is crucial to addressing Mr. Snow's claim that his attorney should have sought an instruction on criminal trespass as a lesser included offense of the burglary charge. As in many instances when dealing with a claim that a lesser offense instruction should have been pursued, we have no way of knowing what the defense goal of the litigation was. It is improper for a court to intrude on the defendant's autonomy in the presentation of his defense. *See, e.g., State v. Coristine*, 177 Wn.2d 370, 375, 300 P.3d 400 (2013) (cannot instruct on affirmative defense over defense objection). RPC 1.2 holds defense counsel to the same standard. Once the defendant selects the goals of representation, counsel has a broad authority to conduct the case in a manner consistent with those goals.

The record of this case does not indicate what goals Mr. Snow may have been hoping to achieve in the defense of this case. We, thus, cannot know whether pursuing a lesser included offense was consistent with those objectives or not. Accordingly, the claim is not manifest and we have no basis for reviewing it.[4]

The record does not permit us to consider whether counsel rendered ineffective assistance or not. Mr. Snow must pursue a personal restraint petition if he believes he has

---

[4] Therefore, we do not decide whether there was a factual basis for giving the included offense instruction or whether counsel had a tactical reason for not pursuing that avenue.

7

No. 34731-1-III
*State v. Snow*

an evidentiary basis for advancing this contention. *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

The judgment is affirmed.[5]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

I CONCUR:

_____
Lawrence-Berrey, J.

---

[5] Mr. Snow requests that we waive appellate costs. We defer that issue to our commissioner in accordance with amended RAP 14.2 in the event that the State requests costs and Mr. Snow objects to the request.

No. 34731-1-III

FEARING, C.J. (concurring) — The majority eschews review of Kevin Snow's contention that his trial counsel performed inadequately when counsel did not seek a lesser included offense jury instruction for criminal trespass to the second degree burglary charge. Snow's contention raises the familiar question of whether counsel performs effectively when adopting an all or nothing strategy. In declining examination of Snow's contention, the majority correctly observes that this court lacks knowledge of Snow's goals. Based on this observation, the majority speculates that withholding a request for a lesser included offense instruction might have advanced Snow's goals.

The majority opinion impliedly suggests that, if withholding a jury instruction advances the accused's goals, the attorney necessarily performs within the standard of care by withholding a request for the instruction. No law supports such a conclusion. Nor does the majority identify when an all or nothing strategy advances the client's goals or does not advance the goals.

Presumably the accused wishes to be acquitted on as many charges as possible. The majority does little to enlighten the reader as to the role of defense counsel in selecting an all or nothing strategy to meet this goal. Instead, the majority's ruling fails to recognize the integral role that an attorney plays when determining whether to ask for

a lesser included offense instruction. Most clients will not know whether to ask for the lesser included jury instruction. Most, if not all, accused will rely on the attorney's advice as to what jury instructions to propose to the court.

The majority does not expressly assign the prerogative of choosing jury instructions to either the attorney or the accused. Instead, the majority declares that, after the client selects the goals, the attorney possesses broad authority to conduct the case in a manner consistent with the goals. The majority does not expressly state that the attorney has unlimited discretion when deciding whether seeking a lesser included instruction advances the client's goals. Even if the attorney has wide discretion when selecting jury instructions, one may exercise discretion unreasonably.

The logical extension of the majority's ruling is that an appeals court should never entertain a direct appeal that asserts ineffective assistance of counsel if the assertion contends that counsel unreasonably failed to demand a lesser offense jury instruction. Because after all, the trial record does not chronicle the accused's goals. The defendant and his trial counsel do not discuss, on the record, the goals of the client and how to effectuate those goals.

Contrary to the majority's ruling, Washington reviewing courts, as well as all other American jurisdictions, routinely address, on direct appeal, challenges based on ineffective assistance of counsel when failing to seek a lesser included offense instruction. *State v. Witherspoon*, 180 Wn.2d 875, 329 P.3d 888 (2014); *State v.*

2

*Breitung*, 173 Wn.2d 393, 267 P.3d 1012 (2011); *State v. Grier*, 171 Wn.2d 17, 246 P.3d 1260 (2011), *disagreed with on other grounds, Crace v. Herzog*, 798 F.3d 840 (9th Cir. 2015); *State v. Embry*, 171 Wn. App. 714, 287 P.3d 648 (2012); *State v. Edwards*, 171 Wn. App. 379, 294 P.3d 708 (2012); *State v. Chouap*, 170 Wn. App. 114, 285 P.3d 138 (2012); *State v. McKague*, 159 Wn. App. 489, 246 P.3d 558 (2011); *State v. Mullins*, 158 Wn. App. 360, 241 P.3d 456 (2010); *State v. Hassan*, 151 Wn. App. 209, 211 P.3d 441 (2009). None of the decisions suggest that the appellate court should decline review because the court lacks knowledge as to the client's goals and how trial counsel's performance fit those goals. The courts do not fret about missing knowledge of the defendant's goals. Instead the courts examine whether defense counsel conceivably had a reasonable basis for withholding a request for the jury instruction.

The majority opinion principally relies on RPC 1.2. This rule of professional responsibility declares:

> (a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by RPC 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

I note that the rule requires defense counsel to abide by the client's decisions whether to plead guilty, whether to waive a jury trial, and whether to testify. RPC 1.2(a) does not

3

require defense counsel to abide by a client's decision as to whether to ask for a lesser included jury instruction.

Washington precedent shuns use of RPC 1.2 in the setting of ineffective assistance of counsel. Washington precedent also directs a reviewing court to examine, on direct appeal, a claim of ineffective assistance of counsel regardless of whether the client or counsel renders the decision to forego a lesser included jury instruction. In *State v. Grier*, 171 Wn.2d 17 (2011), defense counsel originally proposed lesser included offense jury instructions for manslaughter to the charge of second degree murder. Later counsel withdrew the lesser included instructions without explanation. He stated, however, that he discussed the decision with his client and the client agreed with the decision.

On appeal, in *State v. Grier*, Kristina Grier asserted that her trial counsel performed deficiently when withdrawing the jury instructions. In response, the State argued that, because Grier agreed to forgo the instructions and because the decision to withhold lesser included instructions resides with the defendant, not her attorney, Grier cannot fault her attorney. The Supreme Court reviewed rules of professional conduct, including RPC 1.2, and disagreed that the decision as to whether to seek a lesser included jury instruction rested solely with the defendant. Instead, the choice of trial tactics and the methodology followed when employing those tactics rests in the attorney's judgment.

I already mentioned that the majority's ruling would bar, on direct review, any claims of ineffective assistance of counsel for failing to seek a lesser included offense

4

instruction. A further logical augmentation of the majority's ruling would be to insulate review, in all direct appeals, of contentions based on any form of ineffective assistance of counsel. If the defendant claims that his trial attorney failed to object to evidence at trial, this court's response would be: "We do not know what the defendant's goals were. Therefore, we do not know whether a failure to object to the evidence fulfilled those goals." If a defendant claims on appeal that his trial counsel unreasonably failed to seek to sever her prosecution from a codefendant's prosecution, this court's response would be: "We do not know what the defendant's goals were. Therefore, we will not review the appeal because we do not know if the failure to seek severance fulfilled those goals." If the defendant argues his counsel unreasonably failed to call a witness, this court response would be: "We will not review the assignment of error because we do not know if the refusal to call the witness fulfilled the defendant's goals." The unlimited examples of attorney deficiencies unreviewable on appeal would include failures to interview a witness, to object to a prosecutor's argument, to challenge a juror, or to sequester witnesses.

In declining review, the majority also pegs its decision on a basis not argued by the State of Washington.

I concur in the result only of the majority opinion.

*Fearing, J.*

_____

Fearing, C.J.

5