IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34373-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMY JO DANA MURPHY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| | ) | |
| SHAWN ALAN STAHLMAN, | ) | |
| | ) | |
| Defendant. | ) | |

LAWRENCE-BERREY, J. — Amy Jo Murphy appeals her convictions for second degree assault, attempted second degree burglary, and possession of a stolen motor vehicle. She challenges the sufficiency of the evidence on each of her convictions. We reject her challenges and affirm.

FACTS

Around 2:00 a.m. one morning Gary Oliver heard a vehicle stop and park near his rural home. A motion light came on, and he saw a man about 30 to 35 feet away reaching

toward the door to his shop. Oliver yelled at the man to get out of there, and the man took off running. Oliver then heard a car door slam and saw a white Ford minivan drive away.

Shirtless and without a cellphone, Oliver pursued the minivan in his half-ton Ford pickup. Oliver caught up to the minivan and honked and flashed his lights in an attempt to get the minivan to stop. The minivan did not stop. So Oliver, with both vehicles traveling 80 to 90 miles per hour, pulled alongside the minivan. He noticed two occupants—a woman driving and a very agitated man in the front passenger seat. The woman then rammed the minivan into Oliver's pickup. Oliver backed off, but continued the pursuit.

The minivan came to a stop at a stop sign and Oliver stopped his pickup five feet behind it. Oliver put his pickup in park and opened the door to approach the minivan. As he did this, he saw the male passenger get out of the minivan armed with a one-handed sledgehammer. Oliver then drove in reverse to get away from the man. The man swung the sledgehammer and struck the left front fender behind the headlight of the truck. The man got back into the minivan, and the woman driver then drove backward toward the pickup. To avoid being hit, Oliver made a hard turn to the right, and drove over a curb and into a fence.

2

The minivan took off, and Oliver again pursued it. The chase continued at high speeds for several miles. The chase ended only after the minivan hit a curb, causing the tire to burst and the minivan to fly six feet into the air. Both occupants of the minivan then fled on foot. Oliver parked his pickup near the minivan, took the keys out of the wrecked vehicle, and went to a nearby gas station to call the police. Oliver later identified a used tire and wheel inside the minivan that belonged to him.

Police contacted the owner of the minivan, Ann Wells. It was determined that the male passenger was her step-grandson, Shawn Stahlman, and the driver was his fiancée, Amy Jo Murphy. Wells told police that she did not give either person permission to drive her minivan that night.

The State charged Murphy and Stahlman with various offenses, including second degree assault (involving the sledgehammer), attempted second degree burglary, and possession of a stolen motor vehicle. The cases proceeded to a simultaneous bench trial for Stahlman and jury trial for Murphy.

At trial, Murphy testified that she received permission to use the minivan from Wells's significant other while Wells was on the phone. Wells refuted Murphy's claim. Wells testified, "I don't remember being on the phone at all. I remember them asking and I would not give permission." Report of Proceedings (RP) at 261.

A jury found Murphy guilty of the three offenses, and Murphy appealed.

ANALYSIS

Murphy argues the State presented insufficient evidence to sustain any of her three convictions.

A.    STANDARD OF REVIEW FOR SUFFICIENCY CHALLENGES

In a criminal case, the State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* In a challenge to the sufficiency of the evidence, circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).

B.     ACCOMPLICE TO SECOND DEGREE ASSAULT

Murphy contends there is insufficient evidence to support her conviction for accomplice to second degree assault for Stahlman's use of the sledgehammer. We disagree.

Murphy's argument relies on us considering the facts in the light most favorable to her. She argues Stahlman's use of the sledgehammer was lawful because "[she] and Stahlman had been chased down for miles by a stranger, who looked like a 'nut case' and was playing cat and mouse with [us] at speeds of 80-90 miles per hour." Br. of Appellant at 14. But our review of the sufficiency of the evidence requires us to consider the evidence and all reasonable inferences in the light most favorable to the State. The State's evidence suggests that Murphy and Stahlman raced along rural roads and residential neighborhoods at high speeds to escape Oliver, from whom they stole a used tire and wheel. And in an attempt to complete their escape, Stahlman approached Oliver with a sledgehammer, arguably a deadly weapon, and swung it intending to cause Oliver to fear bodily harm.

Murphy also argues "[t]here was no evidence that a terrified and hysterical Ms. Murphy was aware Stahlman had the sledgehammer, or encouraged him to use it, or asked him to use it, or agreed that he should use it, to scare Oliver away from them." Br.

of Appellant at 13. The State's evidence suggests that Murphy, for the first time in 13 miles, stopped. And she stopped for the purpose of allowing Stahlman to frighten Oliver with a sledgehammer so that Oliver would end his pursuit of them. The State's evidence of Murphy's complicity is strengthened by the fact that immediately after Stahlman returned to the minivan, Murphy drove the minivan as a weapon aimed at Oliver.

We conclude that substantial evidence supports Murphy's conviction for accomplice to second degree assault.

C.     ACCOMPLICE TO ATTEMPTED SECOND DEGREE BURGLARY

Murphy contends there is insufficient evidence to support her conviction for accomplice to attempted second degree burglary. We again disagree.

A person commits second degree burglary "if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1). A person "attempts" an offense when, with the intent to commit a specific crime, he or she takes a substantial step toward committing the crime. RCW 9A.28.020(1). A person who knowingly aids the commission of the crime is as culpable as the person who performs the criminal acts. RCW 9A.08.020.

The State's evidence suggests that Murphy drove herself and Stahlman onto a stranger's property around 2:00 a.m. early one morning. Stahlman took and placed Oliver's used tire and wheel in the minivan. Murphy, the minivan driver, surely saw Stahlman do this. Stahlman then went toward Oliver's shop and reached toward the shop door as if to open it. The jury was entitled to make the reasonable inference that Stahlman intended to enter the shop and take additional items. Stahlman would have succeeded in taking additional items had Oliver not seen him and shouted out.

We conclude that substantial evidence supports Murphy's conviction for accomplice to attempted second degree burglary.

D.    POSSESSION OF STOLEN MOTOR VEHICLE

Murphy contends that there is insufficient evidence to support her conviction for possession of a stolen motor vehicle. We again disagree.

A person is guilty of possession of a stolen motor vehicle if he or she possesses a stolen motor vehicle. RCW 9A.56.068. The State must prove that the defendant acted with knowledge that the motor vehicle had been stolen. *State v. Porter*, 186 Wn.2d 85, 90, 375 P.3d 664 (2016).

Wells was the owner of the minivan. She testified that her step-grandson had asked to borrow the minivan earlier in the day, and she had told him no. Wells also

7

refuted Murphy's testimony that she obtained permission to use the minivan when Wells was on the phone. Wells testified, "I don't remember being on the phone at all. I remember them asking and I would not give permission." RP at 261. The jury heard the testimonies and believed Wells. The State's evidence suggests that Murphy drove Wells's minivan after Wells told her and Stahlman that they could not use it.

We conclude that substantial evidence supports Murphy's conviction for possession of a stolen motor vehicle.

Affirmed.[1]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.

---

[1] Murphy asks that we waive appellate costs in the event the State substantially prevails. We deem the State has substantially prevailed. In the event the State seeks appellate costs, we direct our commissioner to consider the request in accordance with RAP 14.2.