

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40421-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| GARY BRANDON AULT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Gary Ault murdered Richard Purdy. The State charged Ault with aggravated first degree murder, in addition to two other felony charges. The aggravator instruction included the Washington Pattern Jury Instructions: Criminal (WPIC) phrase that asked the jury whether the premeditated murder happened "in the course of, or in furtherance of, or in immediate flight from" a burglary. The instruction omitted the WPIC sentence that informed the jury that the burglary needed to begin before the murder. Ault argues that this omission relieved the State of its burden to prove all the elements of the aggravator and that his counsel was ineffective for failing to object to the instruction.

We conclude that the omitted sentence is not an additional element to prove the aggravator. Instead, it clarifies the phrase, "in the course of, in furtherance of, or in immediate flight from." And because a failure to clarify an element is not constitutional instructional error, we conclude that defense counsel's failure to object to the instruction waived his claim of error. We also reject Ault's ineffective assistance of counsel claim because he fails to establish the prejudice prong of that claim.

FACTS

Gary Ault did not know Richard Purdy, an elderly man. But sometime before 5:00 p.m. one winter's day, Ault was inside Purdy's home.

Just before, at around 4:30 p.m., Purdy left a friend's home to get ready for a 5:30 dinner at Terry LaVigne's home. Purdy lived 15 minutes away from his friend's home, so Purdy likely arrived at his home around 4:45.

Purdy never arrived for 5:30 dinner at LaVigne's home. Around 5:45, LaVigne called Purdy several times, but he did not answer. At 6:15, LaVigne went to Purdy's house to check on her friend. LaVigne used Purdy's hidden key to enter the house. LaVigne saw several guns lined up in the hallway. When she entered Purdy's office, she saw Purdy's body on the floor and called 911.

Law enforcement arrived and looked over the crime scene. Purdy's front window was broken and a damaged window screen was found in the snow near the house. Although blood was found both outside and inside the house, the body's location in the office and the significant amount of blood spatter and pooling in that room suggests that the fatal attack occurred in the office.

A desk drawer in the office contained an empty knife sheath. Purdy's body had 27 stab wounds, including fatal wounds to his spleen, liver, and one lung. An initial search of Purdy's house did not find a bloody knife. But as the deputies processed the crime scene, the snow began to melt outside, revealing the hilt of a knife protruding from a snowbank near Purdy's backdoor. Blood was on the knife's blade. DNA testing showed that Purdy's blood was on the knife's blade and that Purdy's and Ault's DNA were on the knife's hilt. The State charged Ault with three felonies, including aggravated first degree murder.

*Procedure*

The parties presented their evidence to the jury. The court instructed the jury that to convict Ault of first degree murder, it must unanimously find beyond a reasonable doubt that Ault acted with the intent to cause Purdy's death, that the intent to cause the death was premeditated, and that Purdy died as a result of the defendant's acts. With

3

respect to the aggravating circumstance of first degree murder, the court instructed the

jury:

> For purposes of a special verdict in Count 1, the State must prove
> beyond a reasonable doubt that the defendant committed the murder in the
> course of, or in furtherance of, or in immediate flight from the crime of
> First Degree Burglary and/or Residential Burglary.
> A person commits the crime of residential burglary when he or she
> enters or remains unlawfully in a dwelling with intent to commit a crime
> against a person or property therein.
> Dwelling means any building or structure that is used or ordinarily
> used by a person for lodging.

Clerk's Papers at 111. The court also instructed the jury that it must be unanimous as to

the aggravating circumstance to answer the special verdict form. Defense counsel did not

object to any of the court's instructions.

The jury convicted Ault of all three counts and found the presence of the

aggravating circumstance. Consistent with the jury's verdict, the trial court sentenced

Ault to a mandatory life term without the possibility of parole.

Ault timely appealed.

## ANALYSIS

### INSTRUCTIONAL ERROR CLAIM

Ault argues his right to due process was violated because the aggravating

instruction omitted an essential element—that the burglary began before the murder. The

4

State responds that the instruction given, fairly construed, informed the jury that it had to find that the burglary began before the murder. The State argues that the instruction's failure to clarify the sequential requirement is not a constitutional error and we should decline to address the unpreserved claim of error. We agree with the State.

We begin our analysis by recognizing several governing principles. Due process requires the State to prove every fact necessary to constitute the charged crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Consistent with this principle, "[j]ury instructions . . . 'must convey to the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt.'" *State v. Porter*, 186 Wn.2d 85, 93, 375 P.3d 664 (2016) (quoting *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007)). "RCW 10.95.020 aggravating circumstances are elements for Sixth Amendment purposes because they are not limited to proof of a prior conviction and, by law, they increase the minimum penalty for first degree murder." *State v. Allen*, 192 Wn.2d 526, 539, 431 P.3d 117 (2018). "Instructions satisfy the requirement of a fair trial when, taken as a whole, they properly inform the jury of the applicable law, are not misleading, and permit the defendant to argue [their] theory of the case." *State v. Tili*, 139 Wn.2d 107, 126, 985 P.2d 365 (1999).

Before applying these general principles, we first consider the State's argument that Ault's failure to object to the aggravator instruction waived his claim of error relating to that instruction. Failure to object at trial to a jury instruction generally precludes appellate review of that instruction. *State v. Cardenas-Flores*, 189 Wn.2d 243, 267, 401 P.3d 19 (2017). An exception to this rule allows review of instructional errors of constitutional magnitude. *Id.* Yet, the failure to define nontechnical terms in an instruction is not an instructional error. *In re Det. of Pouncy*, 168 Wn.2d 382, 390, 229 P.3d 678 (2010). Thus, to determine whether Ault's claim of error is an instructional error of constitutional magnitude, we must examine if the instruction omitted an aggravator element or if it merely failed to define nontechnical terms.

We now examine the aggravator elements for first degree murder. "A person is guilty of aggravated first degree murder, a class A felony, if he or she commits first degree murder . . . and . . . [t]he murder was committed in the course of, in furtherance of, or in immediate flight from . . . [b]urglary in the first or second degree or residential burglary." RCW 10.95.020(11)(c). "A person is guilty of aggravated first degree murder if the murder was committed 'in the course of' an enumerated felony, RCW 10.95.020(11), not if the enumerated felony is committed in the course of the murder." *State v. Hacheney*, 160 Wn.2d 503, 518, 158 P.3d 1152 (2007) (emphasis

omitted). "[F]or a killing to have occurred 'in the course of' [burglary], logic dictates that the [burglary] must have begun before the killing." *Id.*

The pattern instruction advises a jury that if it found the defendant guilty of premeditated murder in the first degree, it must then determine if the following aggravating circumstance exists:

> [The murder was committed in the course of, in furtherance of, or in immediate flight from [burglary in the first . . . degree] [or] [residential burglary] . . . . [For this aggravating circumstance to exist, the State must prove that the . . . [burglary] . . . began before the killing].

11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 30.03, at 469 (5th ed. 2021).

As noted above, the trial court's aggravator instruction included the first quoted sentence but omitted the second quoted sentence. Ault argues that the omitted language is an element of the charged aggravator. Whereas the State argues that the omitted language merely clarifies the element "in the course of, in furtherance of, or in immediate flight from." We agree with the State.

*State v. Brown*, 132 Wn.2d 529, 940 P.2d 546 (1997), is instructive. There, the defendant appealed his conviction for aggravated first degree murder. *Id.* at 539. During jury deliberations, the jury asked the trial court for a legal definition of "in furtherance of" and "in immediate flight." *Id.* at 611. The trial court refused defense's request for a

7

proposed instruction. *Id.* On appeal, the defendant argued the trial court committed reversible error by not defining the terms for the jury. *Id.*

The *Brown* court explained, "Trial courts must define technical words and expressions used in jury instructions, but need not define words and expressions that are of ordinary understanding or self-explanatory." *Id.* at 611-12. "[F]ailure to give a definitional instruction is not failure to instruct on an essential element." *Id.* at 612.

> Appellant complains the phrases "in the course of," "in furtherance of," "in flight from," and "immediate flight" are technical terms in the context of this case and the court should have instructed the jury concerning them. A term is "technical" when it has a meaning that differs from common usage. . . . We conclude the phrases are expressions of common understanding to be given meaning from their common usage.

*Id.* at 611 (footnote omitted). The *Brown* court concluded, "the trial court instructed the jury on all essential elements of the crimes charged. . . . Appellant's claim is without merit." *Id.* at 612-13 (footnote omitted).

After *Brown*, the pattern instructions committee added the second sentence to the instruction, quoted above. Notably, *Brown*—by concluding that the trial court instructed the jury on all essential elements—rejected the notion that any additional language was required in the aggravator instruction.

Per *Brown*, the language "in the course of, in furtherance of, or in immediate flight from" are terms of common understanding, not technical terms. And when given their

common meaning, "logic dictates that the [burglary] must have begun before the killing."

*Hacheney*, 160 Wn.2d at 518. The chronology element is logically included in the

"in the course of, in furtherance of, or in immediate flight from" language. Therefore, the

second sentence merely clarifies what the first sentence dictates.

We conclude that the second sentence is not an additional element, that there was

no constitutional instructional error, and that Ault's failure to object to the aggravator

instruction waived this claim of error.[1]

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Ault argues his trial counsel was ineffective by failing to object to the aggravator

instruction. We disagree.

An ineffective assistance of counsel claim requires Ault to show (1) his trial

counsel's representation fell below an objective standard of reasonableness, and

(2) there is a reasonable probability that, except for the counsel's unprofessional errors,

the result of the proceeding would have been different. *State v. Crawford*, 159 Wn.2d 86,

---

[1] Ault argues the second sentence would be rendered superfluous unless we construed it as adding an additional element. Reply Br. of Appellant at 2. We disagree. Clarification of a standard instruction does not amount to an indictment of earlier versions. *State v. Holzknecht*, 157 Wn. App. 754, 765, 238 P.3d 1233 (2010). *Accord* 11 WPIC 0.10, at 6 (The WPIC committee often updates instructions "to improve the wording of what was already an accurate statement of the law.").

97, 147 P.3d 1288 (2006). Ault argues, "[t]he precise circumstances and chronology of the alleged burglary vis-à-vis the killing are simply not known." Reply Br. of Appellant at 6. First, Ault's argument that one chronology is as likely as the other fails to satisfy his burden that there is a *reasonable probability* the result of the trial would have been different if his counsel had objected to the instruction.

Second, we disagree that either chronology is as likely. Here, Ault did not know Purdy. Purdy had recently arrived at his home before the attack. Ault murdered Purdy with Purdy's knife. The knife's hilt had Purdy's and Ault's DNA. Viewing these and other facts in the record together, it is likely that Purdy had just returned home when Ault broke into Purdy's house through a window, and that Ault assaulted Purdy and directed Purdy to open the safe in Purdy's office. In the office, Purdy removed his knife from its sheath and a struggle ensued during which Ault disarmed the older man and used Purdy's own knife to kill him. Had Ault's original purpose been to kill a stranger, noisily breaking a window to gain entry would not have been a good plan. Also, had Ault's original purpose been to kill a stranger, he would have brought and used his own weapon. The only weapon used in the attack belonged to Purdy. Because the evidence showed that Ault likely murdered Purdy in the course of a burglary, a clearer instruction requiring that the burglary begin first would not have likely resulted in a different outcome.

No. 40421-8-III
*State v. Ault*


       We conclude that Ault has failed to establish the second prong of his ineffective

assistance of counsel claim.

       Affirmed.


_____
Lawrence-Berrey, C.J.

WE CONCUR:


_____     _____
Staab, J.                            Murphy, J.

11