
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39640-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ZANE EUGENE LUMPKIN, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Zane Eugene Lumpkin appeals his conviction for possession of a stolen motor vehicle. We affirm.

FACTS

In September 2022, a Spokane County sheriff's deputy contacted Mr. Lumpkin as he sat in the driver's seat of a disabled 1993 Ford Ranger pickup truck. During this encounter, Mr. Lumpkin stated that he did not have a driver's license, vehicle registration, or bill of sale for the truck, but he did produce a title that had been signed in November 2020 by the truck's owner. Mr. Lumpkin explained that he recently purchased the truck from "Josh Newman" for $300. Clerk's Papers (CP) at 76. Mr. Lumpkin stated Mr. Newman was a person he had known for a while, and was "a paranoid schizophrenic." 1 Rep. of Proc. (RP) (Mar. 6, 2023) at 168. Mr. Lumpkin refused to provide any contact information for Mr. Newman. *Id*. at 168-69.

The deputy checked the truck's VIN (vehicle identification number) and learned the truck had been reported stolen. Once backup arrived, the deputies detained Mr. Lumpkin and contacted the truck's registered owner, Lance Helgesen. Mr. Helgesen told the deputies he mistakenly signed the portion of the title releasing his ownership. He did not know Mr. Lumpkin, did not transfer ownership of the truck to anyone before it was stolen, had not started the process of selling the truck, and did not know who Mr. Lumpkin claimed to purchase the vehicle from. The deputies advised Mr. Lumpkin that the pickup was stolen and they returned it to Mr. Helgesen.

Mr. Helgesen drove the truck to his apartment then removed the battery to protect it from being stolen again.

In November 2022, troopers from the Washington State Patrol responded to the scene of a collision involving this same 1993 Ford Ranger pickup and a second vehicle. The driver of the second vehicle reported that the truck had ran a red light and struck her vehicle. According to dispatch, the driver of the truck fled from the scene.

A check of the pickup's VIN revealed it had again been reported as stolen. An officer and K-9 unit were deployed in the area and located Mr. Lumpkin under a tree in a nearby wooded area. During the encounter, Mr. Lumpkin received a dog bite in the upper right arm.

Mr. Helgesen recovered his pickup from the scene of the collision. He discovered

mail and an identification card pertaining to Mr. Lumpkin inside the truck.

The State charged Mr. Lumpkin with possession of a stolen motor vehicle.

PROCEDURE

Prior to trial, the State sought to admit Mr. Lumpkin's prior statements to law

enforcement. The trial court held two separate suppression hearings and determined

Mr. Lumpkin's statements were admissible. For purposes of this appeal, the only

statements at issue are those made to Washington State Patrol Trooper Aleksander Black

during the November 2022 encounter. We therefore focus on the circumstances of that

interrogation.

Trooper Black testified that during the November 2022 encounter, he contacted

Mr. Lumpkin in the back of an ambulance and spoke to Mr. Lumpkin while facing

the opposite direction. Trooper Black noted that he could not positively identify Mr.

Lumpkin as he sat in the courtroom because he was facing away from Mr. Lumpkin

while in the ambulance.

Trooper Black read Mr. Lumpkin his *Miranda*[1] rights from an agency-issued

card. Mr. Lumpkin stated he understood his rights and agreed to answer questions.

Mr. Lumpkin told Trooper Black that he was driving the truck and did not steal it because

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

his name was on the title. Mr. Lumpkin claimed that the driver of the second vehicle ran a red light and that he ran away from the collision scene because he was driving with a suspended license and it would violate his parole. Mr. Lumpkin was very agitated and animated during this interaction. Trooper Black testified that Mr. Lumpkin "[a]bsolutely" appeared to understand the questions asked of him. 1 RP (Mar. 6, 2023) at 128. The trooper noted that, although he could not positively identify Mr. Lumpkin, the second trooper on the scene would be able to do so.

Mr. Lumpkin testified in his defense and explained that he was in pain from the dog bite, was not able to understand what he was told in the back of the ambulance, did not remember being read his *Miranda* rights, and did not waive his rights.

At the conclusion of the first suppression hearing, the trial court orally ruled that Mr. Lumpkin knowingly, intelligently, and voluntarily waived his *Miranda* rights when speaking with Trooper Black and admitted those statements.

During trial, the State's witnesses included the law enforcement officers who interacted with Mr. Lumpkin in September and November 2022, Mr. Helgesen, and the driver of the second vehicle. The witnesses testified consistently with the facts set forth above.

Mr. Lumpkin claimed his partner "Josh Jensen Newman" sold him the truck, told him that he did not need a bill of sale, and said the signed title was sufficient. 1 RP

4

(Mar. 7, 2023) at 295. Mr. Lumpkin said he was not happy when law enforcement took the truck in September 2022 because he paid for it and believed he was the true owner. He explained his partner saw the truck later that year and "gave it back to [him]." *Id*. at 297. Mr. Lumpkin testified that on November 4, 2022, he fell asleep under a tree while waiting to get picked up. He claimed he was awoken by a dog attacking him and did not hear any police announcements.

The jury found Mr. Lumpkin guilty of possession of a stolen motor vehicle. The trial court later entered written findings and conclusions related to the suppression hearings. Relevant to this appeal, the trial court concluded:

> 3.3     [Mr. Lumpkin] was in custody when he made statements to [the Washington State Patrol troopers] on November 4, 2022, in response to their questions.
> 3.4     These statements were made after . . . advice of rights using a preprinted card . . . .
> 3.5     [Mr. Lumpkin] was aware of his constitutional rights prior to answering questions.
> 3.6     [Mr. Lumpkin]'s statements were knowing, voluntary and intelligent.
> 3.7     All of these statements were admissible at trial in this matter.
> 3.8     The Court's oral findings and rulings are incorporated into this order.

CP at 78.

Mr. Lumpkin timely appeals.

5

ANALYSIS

*Sufficiency of the evidence*

Mr. Lumpkin claims the State failed to present sufficient evidence to justify the possession of a stolen motor vehicle conviction. Specifically, he contends the State did not prove he "withheld or appropriated" the truck, as required by the court's jury instructions.

Due process requires the State to prove all elements of the crime beyond a reasonable doubt. *State v. Aver*, 109 Wn.2d 303, 310, 745 P.2d 479 (1987); U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id*. Circumstantial evidence is not to be considered any less reliable than direct evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). While our review of a sufficiency claim is de novo, it is also highly deferential to the jury's decision. *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014); *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

The "to convict" jury instruction here provided:

To convict the defendant of the crime of possessing a stolen motor vehicle, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1)  That on or about November 4, 2022, the defendant knowingly received, retained, or possessed a stolen motor vehicle;

(2)  That the defendant acted with knowledge that the motor vehicle had been stolen;

(3)  That the defendant *withheld or appropriated* the motor vehicle to the use of someone other than the true owner or person entitled thereto; and

(4)  That any of these acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 61 (emphasis added).

Given the wording of the jury instruction, Mr. Lumpkin argues the State needed to prove that he withheld or appropriated the pickup truck, and that neither requirement was satisfied.[2] Mr. Lumpkin defines the word "withhold" as "to refrain from granting, giving, or allowing." Appellant's Opening Br. at 26. He argues the evidence was insufficient to show he withheld the pickup because there was no proof he would not

---

[2] The parties agree that, to obtain a conviction for possession of a stolen motor vehicle, the State need not prove the multifaceted ways that a person might possess stolen property. *State v. Tyler*, 191 Wn.2d 205, 212, 422 P.3d 436 (2018); *State v. Porter*, 186 Wn.2d 85, 375 P.3d 664 (2016). However, when unnecessary elements are set forth in a jury instruction, the law of the case doctrine requires the State to prove the otherwise unnecessary facts. *State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998).

have returned the pickup if asked. Mr. Lumpkin defines the word "appropriate" as "to take or make use of without authority or right." *Id.* at 26. He argues the evidence was insufficient to show he appropriated the pickup because there was no proof he did not have permission to drive the vehicle.

The State counters that the crime of possession of a stolen motor vehicle does not require specific proof that a defendant withheld or appropriated the vehicle. *See State v. Tyler*, 191 Wn.2d 205, 212, 422 P.3d 436 (2018). The State explains that the phrase "withheld or appropriated" merely defines the singular conduct of possessing a stolen motor vehicle. *See State v. Porter*, 186 Wn.2d 85, 93, 375 P.3d 664 (2016). As an alternative, the State argues there was sufficient evidence of both appropriation and withholding.

We agree with the State that there was sufficient evidence for a jury to find Mr. Lumpkin withheld or appropriated the pickup truck. We therefore need not reach the question of whether proof of these elements was actually required by the wording of the jury instructions.

Testimony from Mr. Helgesen supports a finding of withholding. According to Mr. Helgesen, after the pickup was returned to him in September 2022, he tried to protect it from further theft by removing the battery. Once Mr. Helgesen discovered the pickup missing, it was reported as stolen. These facts tended to show that Mr. Helgesen had not

given permission to anyone, let alone Mr. Lumpkin, to possess the pickup. Because there was no permission, Mr. Lumpkin was not entitled to possess the pickup regardless of whether Mr. Helgesen asked for the vehicle's return.

Mr. Lumpkin's September 2022 encounter with sheriff's deputies supports a finding of appropriation. During the September incident, deputies seized the pickup from Mr. Lumpkin and told him that it had been stolen. This information placed Mr. Lumpkin on notice that he lacked permission to possess the pickup and that Mr. Newman had not been a lawful source for the vehicle. When Mr. Lumpkin was again found in possession of the same pickup in November 2022 and tried to explain his conduct by reference to Mr. Newman, the circumstances presented a reasonable inference that Mr. Lumpkin knew he was appropriating the pickup from its rightful owner.

## Miranda *waiver*

Mr. Lumpkin contends the trial court erred when it admitted his custodial statements to Trooper Black. Because Mr. Lumpkin has not challenged any of the factual findings from his suppression hearing, our review is de novo. *See State v. Campbell*, 166 Wn. App. 464, 469, 272 P.3d 859 (2011).

"A suspect in a criminal case may waive his right to remain silent provided such waiver is made knowingly, voluntarily and intelligently." *State v. Terrovona*, 105 Wn.2d 632, 646, 716 P.2d 295 (1986). A waiver of the right to remain silent may be express or

implied. *Id.* If a defendant waives his *Miranda* rights, subsequent statements are admissible as evidence. *Id.*

The voluntariness of a *Miranda* waiver is determined from the totality of the circumstances. *See State v. Aten*, 130 Wn.2d 640, 663-64, 927 P.2d 210 (1996). "Factors considered include a defendant's physical condition, age, mental abilities, physical experience, and police conduct." *Id.* at 664.

Mr. Lumpkin argues that he did not voluntarily waive his *Miranda* rights when being interrogated by Trooper Black because of the dog bite injury. We disagree.

The trial court found that (1) "Trooper Black used a standard card to advise [Mr. Lumpkin] of his constitutional rights prior to asking him any questions," (2) "After being placed in an ambulance for transport to the hospital, Trooper Black asked [Mr. Lumpkin] questions which he answered," (3) "[Mr. Lumpkin] was in pain from the dog bite during the questioning," (4) "Although in pain and suspected to be under the influence, [Mr. Lumpkin] appeared to understand the questions," (5) "[Mr. Lumpkin] answered the questions and offered information in a manner relevant to the investigation," and (6) "There was no coercion, threats or promises inducing any of [Mr. Lumpkin]'s statements." CP at 77. Based on these findings, the trial court concluded that Mr. Lumpkin was aware of his rights prior to answering questions and that his statements were the product of a knowing, voluntary, and intelligent waiver.

No. 39640-1-III
*State v. Lumpkin*

The trial court's findings readily support the conclusion that Mr. Lumpkin validly waived his *Miranda* rights. The court properly admitted Mr. Lumpkin's statements at trial.

## CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

11